UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUG LONGHINI, Individually,

    Plaintiff,

vs.                                  Case No.   1:16-cv-24110

SOUTHLAND MALL PROPERTIES LLC, a
Delaware Limited Liability Company

    Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DOUG LONGHINI, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SOUTHLAND MALL PROPERTIES LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Doug Longhini, is an individual residing in Miami, Florida, in the County of Miami-Dade.

2. Defendant's property, Southland Mall, is located at 20505 S. Dixie Hwy., Cutler Bay, FL 33189, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Doug Longhini is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Doug Longhini has cerebral palsy and requires the use of a wheelchair to ambulate. Mr. Longhini has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Doug Longhini has visited the properties which form the basis of this lawsuit, and plans to return in the near future to the subject properties to avail himself of the goods and services offered to the public at the properties, and will in the future continue to encounter architectural barriers at the subject properties, until the barriers are corrected. The Plaintiff has encountered architectural barriers at the subject properties. The barriers to access at the property have endangered his safety.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Southland Mall, and is located at 20505 S. Dixie Hwy., Cutler Bay, FL 33189.

7. DOUG LONGHINI has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to

discrimination in violation of the ADA by the Defendant. Doug Longhini desires to visit the Southland Mall, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Southland Mall has shown that violations exist. These violations that Doug Longhini has personally encountered or observed include, but are not limited to:

**Parking**

A. The plaintiff had difficulty accessing the facility, as the designated accessible parking spaces are not located on the shortest accessible route to an accessible entrance. Violation: Some of the accessible parking spaces are not located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable.

B. There are accessible parking spaces that do not provide signs designating them as accessible in violation of Section 4.6.4 of the ADAAG, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

C. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between accessible parking and the facility. These are violations of the requirements in Sections 4.3.2, 4.3.8, 4.5.2, and 4.7.1 of the ADAAG, whose resolution is readily achievable.

D. The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG, whose resolution is readily achievable.

E. The plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services**

F. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

G. The plaintiff could not use counters as they were mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

H. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

I. The plaintiff could not close the accessible toilet compartment door as it was not self-closing and did not have the required door hardware. Violation: The accessible toilet compartment door does not provide hardware that complies with Sections 4.17.5 and 4.13.9 of the ADAAG, whose resolution is readily achievable.

J. The plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG, whose resolution is readily achievable.

K. The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms with the counter surface mounted too high, in violation of the requirements in Section 4.19.2 and Figure 31 of the ADAAG, whose resolution is readily achievable.

L. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

M. The plaintiff had difficulty using the side grab bar as the toilet paper dispenser was mounted less than 1 ½" below it obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

N. The plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG, whose resolution is readily achievable.

O. The plaintiff could not transfer to the toilet in the accessible toilet compartment without assistance, as the side grab bar did not extend the required distance from the rear wall. Violation: Compliant grab bars are not provided in the accessible toilet compartment in violation of Section 4.17.6 and Figure 30 of the ADAAG, whose resolution is readily achievable.

P. The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, in violation of the requirements in Section 4.19.2 and Figure 31 of the ADAAG, whose resolution is readily achievable.

Q. The plaintiff could not use the soap dispenser without assistance, as it was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

R. The plaintiff could not use the baby changing table without assistance as the handle was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

S. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trash can. Violation: The restroom door does not provide the required latch side clearance violating Sections 4.13.6 and 36.211 of the ADAAG, whose resolution is readily achievable.

T. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 and Figure 25 of the ADAAG, whose resolution is readily achievable.

U. The plaintiff could not enter the accessible toilet stall without assistance, as the required maneuvering clearance was not provided. Violation: The accessible toilet stall does not provide the required latch side clearance violating Sections 4.13.6 and 4.17.5 of the ADAAG, whose resolution is readily achievable.

V. The plaintiff could not use the toilet seat cover dispenser without assistance as it was mounted at a location where the clear floor space to access it was not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG, whose resolution is readily achievable.

W. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG, whose resolution is readily achievable.

X. The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

Y. The plaintiff had difficulty using the rear grab bar as objects were mounted above obstructing its use and the side grab bar due to one end mounted too far from the rear wall. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

11. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as

promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may

7

be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by

8

Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Southland Mall to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

   a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

   b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: 9/26/16

Respectfully Submitted,

John P. Fuller, Esquire
Florida Bar No. 276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: _____
John P. Fuller, Esq. (FBN 276847)

Counsel for Plaintiff Doug Longhini

#4969-Southland Mall Complaint Pkg (slm 7-29-16).wpd